UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH LOVETT, et.al._____)_____ | |
| _____Plaintiff,_____) | |
| _____) | |
| vs._____) | Case No. 22-4144 |
| _____) | |
| KNOX COUNTY SHERIFF'S_____) | |
| OFFICE, et.al.,_____) | |
| _____Defendants_____) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This case was filed on behalf of five Plaintiffs including the lead Plaintiff, Joseph Lovett, and Christopher Claeys, Jesse Mustain, Michael Chasteen, and Jeff Bosaw. The complaint purports to be signed by each, but none of the Plaintiffs initially paid the $402 filing fee, nor filed a motion to proceed *in forma pauperis* (IFP). (Comp, p. 11).

The Court advised the Plaintiffs they must do one or the other on or before October 27, 2022, or they would be dismissed from this lawsuit. *See* October 6, 2022 Text Order. Only Plaintiffs Lovett, Bosaw, and Chasteen have complied. [3, 5, 6]. Therefore, the Court will dismiss Plaintiffs Claeys and Mustain for failure to pay the required filing fee and failure to prosecute with due diligence.

The Complaint identifies five Defendants including the Knox County Sheriff's Department, Jail Administrator Louie Glossip, Knox County, Jail Administrator Brad Abernathy, and Advanced Correctional Healthcare.

The Plaintiffs' complaint focuses on unconstitutional living conditions and in particular, black mold, at the Knox County Jail. The complaint begins with an overview of other lawsuits and the general dangers of black mold. Plaintiff are reminded the claims in their complaint must be limited to their specific living conditions and the impact of those conditions on the named Plaintiffs.

Plaintiffs allege there is a well-known problem with black mold in the jail. In addition, jail administrators have taken no safety precautions during recent roof repairs which has caused the black mold to "rain down upon us." (Comp., p. 8). Plaintiffs also state there is black mold in the dayroom and coming out of the vents in F-pod. As a result, Plaintiffs claim they have experienced a wide variety of symptoms including coughing up blood, eye and skin irritations, nose bleeds, fatigue, body spasms, difficulty breathing, memory loss, etc. Plaintiffs are requesting damages.

Plaintiffs have adequately stated a claim against Jail Administrators Louie Glossip and Brad Abernathy. However, the Plaintiffs have not clearly articulated claims against the Knox County Sheriff's Department, Knox County, and Advanced Correctional Healthcare. For instance, the complaint does not mention the healthcare provider or any medical staff. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them).

To the extend the Plaintiffs intended to state an official capacity claim against the Sheriff's Department or the County, the Plaintiffs "must identify an action taken by the municipality, the requisite degree of culpability, and a causal link between the

2

municipality's action and the deprivation of federal rights. A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (internal citations omitted). Plaintiffs have not clearly identified the basis of an official capacity claim.  Therefore, the Court will dismiss Defendants Knox County, Knox County Sheriff's Department, and Advanced Correctional Healthcare for failure to state a claim upon which relief can be granted.

The Court notes the Federal Rules of Civil Procedure allow multiple plaintiffs to join together in an action if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Fed. R. Civ. P. 20.  However, "[b]ecause not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out."*Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004).

Therefore, the Plaintiffs are advised each: 1)"will be held legally responsible for knowing precisely what is being filed in the case on his behalf;"  2) "will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case; and, " 3) will incur a strike pursuant to 28 U.S.C. § 1915(h) if the action is dismissed as frivolous or malicious or for failure to state a claim

upon which relief may be granted. *See Thompson v. Jeffreys,* 2022 WL 704300, at *2 (S.D.Ill. March 9, 2022).

In addition, "any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff." *Id.* at 3; *see also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11. Any future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Therefore, Plaintiffs Bosaw and Chasteen must advise the Court in writing if they wish to continue with this joint litigation, whether they prefer to sever their claims into a separate lawsuit, or whether they wish to withdraw from this action.

IT IS THEREFORE ORDERED:

1) Plaintiffs Claeys and Mustain are dismissed for failure to pay the required filing fee and failure to prosecute with due diligence.

2) Based on a merit review of the complaint, Plaintiffs Lovett, Bosaw, and Chasteen have alleged Defendants Louie Glossip and Brad Abernathy violated their Fourteenth Amendment rights based on unconstitutional living conditions at the Knox Count Jail. In particular, the Plaintiffs allege black mold at the jail has caused them to become ill. The claim is stated against the Defendants in their individual capacities.

3) The Clerk is directed to dismiss Defendants Knox County, Knox County Sheriff's Department, and Advanced Correctional Healthcare for failure to state a claim upon which relief can be granted.

4) Plaintiffs Bosaw and Chasteen must state in writing on or before December 8, 2022 if they wish to continue with this joint litigation, whether they prefer to sever their claims into a separate lawsuit, or whether they wish to withdraw from this action.  If either Plaintiff fails to respond in writing on or before December 8, 2022, they will be dismissed from this lawsuit.  Once Plaintiffs have responded, the Court will order the Clerk to attempt service of process on the Defendants.

5) Plaintiffs are reminded any amended complaint must stand complete on its own, must include all claims against all Defendants, must not refer to any previous complaint and must be signed by all Plaintiffs.

ENTERED this 17th day of November,  2022.

                                            s/James E. Shadid
                           _____
                                    JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE